UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| United States of America, | File No. 18-cv-1325 (ECT/TNL) |
| Plaintiff, | |
| v. | **ORDER** |
| $9,980 in U.S. Currency, | |
| Defendant, | |
| and | |
| Michael Paul McDonough, | |
| Claimant. | |

---

The United States has filed a motion seeking: (1) a default judgment against all unknown persons and entities having an interest in the Defendant Currency for failure to file a claim to the Defendant Currency and answer to the Verified Complaint for Forfeiture In Rem; and (2) an order forfeiting the entire amount of the Defendant Currency to the United States. Based on all the files and proceedings in this action, the Court finds as follows:

1. On May 14, 2018, the government filed a Verified Complaint for Forfeiture In Rem with verification by Jeffrey N. Trevino, Task Force Officer, U.S. Drug Enforcement Administration ("Verified Complaint" or "Verified Compl."). *See* ECF No. 1; *see also* Rule G(2)(a) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions (the "Supplemental Rules" or "Supp. R.").

2. The Verified Complaint alleges, and the Court finds, that the Court possesses subject-matter jurisdiction under 28 U.S.C. § 1345 because this is an action commenced by the United States and under 28 U.S.C. § 1355(a) because this is an action for forfeiture. *See* Verified Compl. ¶ 3; Supp. R. G(2)(b). The Verified Complaint further alleges, and the Court finds, that the Court possesses in rem jurisdiction over the Defendant Currency under 28 U.S.C. § 1355(b), *see* Verified Compl. ¶ 4; Supp. R. G(2)(b), and that venue is proper in the District of Minnesota pursuant to 28 U.S.C. § 1335(b)(1) because the acts or omissions giving rise to the forfeiture occurred in this District and pursuant to 28 U.S.C. § 1395 because the Defendant Currency is located in this District, *see* Verified Compl. ¶ 5; Supp. R. G(2)(b).

3. The Verified Complaint describes the subject property with reasonable particularity, and identifies both the location where the seizure occurred and the location of the Defendant Currency when the action was filed. *See* Supp. R. G(2)(c)-(d). In particular, the Verified Complaint describes the subject property as "$9,980 in U.S. Currency seized from Michael Paul McDonough at the Minneapolis/St. Paul International Airport ('MSP') on November 1, 2017" and states that the Defendant Currency was in custody of the U.S. Marshals Service in this District. Verified Compl. ¶¶ 2, 5.

4. The government sought forfeiture under 21 U.S.C. § 881(a)(6) because, it alleges, the Defendant Currency "was furnished or intended to be furnished in exchange for a controlled substance, constitutes proceeds traceable to such an exchange, or was used or intended to be used to facilitate a violation of the Controlled Substances Act." Verified Compl. ¶¶ 54–55; Supp. R. G(2)(e). The Court concludes, based upon the facts

alleged in the Verified Complaint, together with the facts alleged and deemed admitted through default in the related case of *United States v. $6,900 in U.S. Currency*, No. 18-cv-0028 (JNE/TNL) (D. Minn.) (the "Bowlds Forfeiture Action"), and the forfeiture order entered in that related action [Bowlds Forfeiture Action ECF No. 38], the government has stated sufficiently detailed facts to support a reasonable belief that the government would be able to meet its burden at trial, *see generally* Am. Verified Compl. ¶¶ 7–21; Supp. R. G(2)(f).

5. A Warrant of Arrest and Notice In Rem was issued on May 22, 2018, directing the United States Marshals Service to arrest the Defendant Currency. ECF No. 15 at 2–4; Supp. R. G(3)(b)(i). The warrant was returned executed on May 17, 2019. ECF No. 15 at 1; Supp. R. G(3)(c).

6. On June 1, 2018, McDonough filed a verified statement of interest and answer, asserting that he was the owner of the Defendant Currency. *See generally* ECF No. 3 and ¶ 1. The government avers that it did not serve McDonough with a Notice of Forfeiture in this case, which Supplemental Rule G(4)(b) would normally require, because he had already filed his verified statement of interest answer, thereby demonstrating that he had actual knowledge of this proceeding. *See* Supp. R. G(4)(b)(v) (excusing the sending of notice where potential claimant has actual notice).

7. Pursuant to Supplemental Rule G(4)(a)(iv)(C), the U.S. Attorney's Office posted a Notice of Forfeiture on an official government internet site (www.forfeiture.gov) for at least 30 consecutive days, beginning on February 23, 2019. Baune Decl. ¶ 6; Decl. of Publication [ECF No. 14]; *see also* Supp. R. G(4)(a)(iv). That published notice

satisfied the content requirements of Supp. R. G(4)(a)(ii). *See* Attachment 1 to Declaration of Publication [ECF No. 14-1] (describing the property with reasonable particularity, stating the times under Supplemental Rule G(5) to file a verified claim and to answer, and naming the government attorney to be served with the claim and answer).

8. No one other than McDonough has filed a verified claim or answer, and the time for filing a claim and answer has expired under Supplemental Rule G(5). Baune Decl. ¶ 7.

9. McDonough entered into a Stipulation of Settlement with the government, in which he agreed to withdraw his claim to the Defendant Currency to permit the entire amount to be forfeited to the United States. Stipulation of Settlement 2 [ECF No. 16].

10. The clerk has entered a default. ECF No. 23; Fed. R. Civ. P. 55(a).

11. The government avers that, upon information and belief, McDonough is not an infant or incompetent person, and avers further that the Department of Defense Manpower Data Center does not indicate that he is in the military service or the armed forces of the United States of America or other friendly powers. Baune Decl. ¶ 5.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that:

1. The Motion of the United States for a default judgment and final order of forfeiture [ECF No. 19] is **GRANTED**;

2. A default judgment is entered against all unknown persons and entities having an interest in the Defendant Currency for failure to file a claim and an answer to the First Amended Complaint for Forfeiture In Rem as required by 18 U.S.C.

§ 983(a)(4)(A) and (B), and Rule G(5) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions; and

    3.    The Defendant Currency is **FORFEITED** to the United States pursuant to 21 U.S.C. § 881(a)(6) for disposition in accordance with law.

    **LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: July 15, 2019

s/ Eric C. Tostrud
Eric C. Tostrud
United States District Court